IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                      No. 25-CR-1801-JHR

KOMILJON TOIROV,

    Defendant.

## RESPONSE TO GOVERNMENT'S BRIEF IN SUPPORT OF APPEAL OF DETENTION ORDER

**COMES NOW,** Assistant Federal Public Defenders Darren Robinson and Amanda Skinner, counsel and co-counsel of record for the Defendant Komiljon Toirov, and hereby files this Response to the Government's Brief in Support of Appeal of Detention Order. (Doc. 13). This Court should release Mr. Toirov on the pending trespassing counts. Mr. Toirov is a not a flight risk, and there is no evidence suggesting appropriate conditions of release will result in Mr. Toirov voluntarily failing to appear for future hearings.

## Background

The Government charged Mr. Toirov with three misdemeanor offenses by complaint on May 8, 2025. (Doc. 1 25-MJ-1320-GBW) Mr. Toirov was set for initial appearance on May 8, 2025. (Doc. 2.) The Federal Public Defender handling initial appearances that day moved to dismiss all charges pursuant to 50 USC § 797 and 18 USC § 1382 ("the trespassing counts") for each defendant scheduled that day. These were two of the three counts alleged in Mr. Toirov's complaint. (Doc. 1 25-MJ-1320-GBW.) Chief United States Magistrate Judge Wormuth held the motion in abeyance.

Mr. Toirov's initial appearance could not take place as scheduled because no interpreter was available for Mr. Toirov, who speaks Uzbek. (Doc. 2) On May 19, 2025, Chief Magistrate Judge Wormuth dismissed the two trespassing counts in Mr. Toirov's complaint for lack of probable cause. (Doc. 4 25-MJ-1320-GBW.) Mr. Toirov's initial appearance was rescheduled for May 29, 2025. (Doc. 5)

The Government filed an information in Mr. Toirov's case alleging the original three counts filed by complaint on the day of the initial appearance. (Doc. 6) United States Magistrate Judge Ritter arraigned Mr. Toirov on all three counts. (Doc. 8) Mr. Toirov pled guilty to the illegal entry violation pursuant to 8 USC § 1325. The Government did not object to a sentence of time served, and Judge Ritter imposed a sentence of time served. (*Id.*) Mr. Toirov moved for his release on the trespassing counts, and Judge Ritter ordered his release. (Doc. 9) Judge Ritter stayed the order in the event of an appeal by the United States.

The Government appealed the release order, and Mr. Toirov remains in the custody of a criminal jail pending the outcome of the Government's appeal. *See* (Doc. 7) On June 6, 2025, the Government filed a Brief in Support of Appeal of Detention Order. (Doc. 13)

## Relevant Law

This Court reviews a magistrate judge's release order de novo. *See United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003). It is the Government's burden to convince this Court, by a preponderance of the evidence, that Mr. Toirov is a risk of flight. *Id.*; 18 U.S.C. § 3142(f).[1] The Court must consider the following factors to determine whether there are conditions of release that will reasonably assure the appearance of Mr. Toirov:

---

[1] The Government makes no argument Mr. Toirov is a danger. *See* (Doc. 13 at 4)

2

   1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
   (2) the weight of the evidence against the person;
   (3) the history and characteristics of the person, including—
   (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
   (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
   (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release[…]

  18 U.S.C. § 3142(g).

  The Government's filing addresses only the first two factors, but all four factors favor the release of Mr. Toirov in this case.

### The Nature and Circumstances of the Offense Charged (18 U.S.C. § 3142(g)(1))

  The Government argues the facts of the illegal entry case in an attempt to show the nature and circumstances of the offense mean that Mr. Toirov is sneaky and will have a strong incentive to flee if released. *See* (Doc. 13 at 4) This logic is flawed for two reasons.

  First, this Court is not evaluating the facts of the illegal entry charge under this subsection in this appeal. The Government's appeal is of the release order granting bond on the two trespassing counts. (Doc. 7) The facts of those counts are that the Government created a 60-foot-wide military zone in the desert approximately 2 months ago and that Mr. Toirov is alleged to have entered that land at some unknown location at some unknown time. (*See id*. at 2 and Doc. 4 25MC19 at 1-3). By information and belief, the Government must concede that, even if found within the military zone staring directly at a sign two inches in front of him stating the area is a military zone, Mr. Toirov could not read the sign as the Government admits the signs were posted

3

in only English and Spanish. (Doc. 13 at 2). There is nothing about the trespassing counts in this case that support a finding that Mr. Toirov is unwilling or unable to follow conditions of release.

Second, Mr. Toirov is unlikely to be released into the community if this Court orders him released. He will likely be sent to immigration custody where he will await further civil proceedings.[2] Even if he were released into the community, it should be noted Mr. Toirov is not from Mexico or another contiguous country and therefore cannot easily flee to his home country to avoid prosecution. *See* (Doc. 1 at 2 (stating Mr. Toirov is a citizen and national of Uzbekistan)).

And there is no information that Mr. Toirov has funds or the support available to attempt to flee somewhere other than his home country if released into the community, just as there is no information Mr. Toirov could overcome the significant language barrier to somehow melt into the fabric of society if he were released.

### The Weight of the Evidence 18 U.S.C. § 3142(g)(2)

The Government argues the weight of the evidence is strong. Chief Magistrate Judge Wormuth disposed of the Government's arguments regarding the strength of the case in his order dismissing the original trespassing counts filed by complaint. *See* (Doc. 4 25-mj-01320-GBW)

In analyzing the trespassing count pursuant to 50 USC § 797, Chief Magistrate Judge Wormuth determined that

> to establish willfulness, the government must show "knowledge of the facts that constitute the offense" and "knowledge that his conduct is unlawful." […] While the government's allegations in the instant case may satisfy the requirement of understanding that the conduct was unlawful, they fail to establish knowledge of the facts that constitute the offense.

(*Id*. at 9).

---

[2] By information and belief, the Government is able to facilitate Mr. Toirov's court attendance while in immigration custody.

In analyzing the trespassing count pursuant to 18 USC 1382, Chief Magistrate Judge Wormuth determined that knowledge of entry onto the military land is required in Mr. Toirov's case and that

> [t]his conclusion that knowledge of entry is required for the second category of 18 U.S.C. § 1382 cases supports, rather than undermines, the court's conclusion that knowledge that one is entering the military property is an element under both categories.

(*Id*. at 15).

Mr. Toirov accepts this legal reasoning and agrees it supports the dismissal of the trespassing counts against him. Mr. Toirov also points this Court to the briefing filed in 25MC19 by the Federal Public Defender's Office addressing their office's view on the mens rea requirements of the trespassing counts. *See* (Doc. 5 24MC19; Doc. 13 FN1 (Government incorporating by reference earlier briefing in a different defendant's case)). Mr. Toirov does not waive these legal arguments and maintains they also support the dismissal of the trespassing counts against him.

### **The History and Characteristics of the Person (18 U.S.C. § 3142(g)(3))**

While the Government failed to address this subsection in their briefing, this Court must consider what is known of Mr. Toirov's character pursuant to 18 U.S.C. § 3142(g)(3). This subsection also directs the Court to consider factors like Mr. Toirov's mental condition and criminal history.

By information and belief, the Government agrees Mr. Toirov has no criminal history prior to his apprehension in this case. Mr. Toirov, like almost all individuals charged with a violation of 8 USC § 1325, has pled guilty to a violation of illegal entry without inspection. This shows Mr. Toirov is willing to take responsibility for any wrongful act he has committed. And to the extent

5

the Government means to argue Mr. Toirov's guilty plea to 8 USC § 1325 is relevant to this analysis, the Government did not oppose a sentence of time served at sentencing on that charge. (Doc. 8)

Mr. Toirov's mental condition is also relevant. While he received a sentence of time served, he has spent considerably longer in custody than most individuals with identical charges due to the fact he speaks Uzbek. It took 21 days for the court system to secure an interpreter for him. (Doc. 2, 5). And he has now spent an additional 14 days in custody pending the Government's appeal. *See* (Doc. 8)

Further, each day in custody is particularly difficult for Mr. Toirov. Because he does not speak English or Spanish, he is not able to hold even a basic conversation with inmates or guards while he is incarcerated. He suffers, due to a lack of human interaction. Mr. Toirov reports that "every day feels like a week" while he is incarcerated. His isolation is akin to solitary confinement, a common and harsh punishment for misbehaving inmates; a punishment Mr. Toirov did nothing to deserve as defense is unaware of any disciplinary problems he caused.

For these reasons, in addition to the Government's failure to present any argument on this subsection, this subsection heavily favors Mr. Toirov's release pending trial on the trespassing counts.

**The Nature and Seriousness of the Danger Posed by Release 18 U.S.C. § 3142(g) (4)**

While this subsection does not support the Government's argument for detention, this Court is required to consider it when determining whether to order Mr. Toirov detained. *See* 18 U.S.C. § 3142(g). The Government's failure to address this subsection appears to be a concession there is no evidence that, even if released into the community rather than to immigration custody,

Mr. Toirov would pose a danger. Therefore, this factor heavily favors the release of Mr. Toirov pending a trial on the trespassing counts.

## CONCLUSION

Wherefore, Mr. Toirov respectfully requests this Court order him released on the same conditions ordered by Judge Ritter. Mr. Toirov would also waive a hearing on this appeal should the Court determine no hearing is necessary.

Respectfully submitted,
**FEDERAL PUBLIC DEFENDER**
506 S Main Street, Suite 400
Las Cruces, NM 88001
(575) 527-6930

*Electronically filed (June 12, 2025)*
By: */s/ Darren Robinson*
Darren Robinson
Assistant Federal Public Defender

By: */s/ Amanda Skinner*
Amanda Skinner
Assistant Federal Public Defender