IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                              Case No. CR 25-1801 SMD

KOMILJON TOIROV,

    Defendant.

## **AMENDED ORDER OF RELEASE**

THIS MATTER is before the Court on remand from the Tenth Circuit Court of Appeals for further consideration of whether the defendant should be released or detained pending the resolution of this case and, more particularly, to consider "whether the defendant is a flight risk even if the statutory-interpretation question is resolved in his favor." Doc. 36-1.

Initially, this matter came before the Court on June 18, 2025, for an appeal of the Release Order entered by United States Magistrate Judge Jerry H. Ritter on May 29, 2025. The Court reviewed the charging documents, release order, briefs from the parties, and Chief United States Magistrate Judge Gregory Wormuth's Order Dismissing Counts 2 and 3 of the Complaint filed in this case. *See* Doc. 1; Doc. 4; Doc. 6; Doc. 9; Doc. 13; Doc. 14. The Court also reviewed the parties' submission following Judge Wormuth's request for briefing in *In re Misdemeanor Charges Pursuant to 50 U.S.C. § 797 and 18 U.S.C. § 1382*, No. 2:25-mc-00019-GBW (D.N.M. May 13, 2025), Dkt. Nos. 1, 4–7. At the hearing, the Court heard from all the parties and is fully advised. The Court has adopted Judge Wormuth's reasoning and conclusions of law in the Order Dismissing Charges in this case. Doc. 4.

The burden of proof to detain someone, depriving them of their liberty, pending the resolution of federal charges is shouldered *entirely* by the government. *See United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003). Indeed, § 3142 says that "the [court] *shall* order the pretrial release of the person on personal recognizance [or conditions] … *unless* the [court] determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b) (emphasis added). It is the government's burden to prove by a preponderance of the evidence that the defendant is a flight risk. *Cisneros*, 328 F.3d at 616. While it is also the government's burden to prove that a defendant is a danger by clear and convincing evidence, dangerousness has not been raised here.

To begin anew, I will set forth the relevant facts and my conclusions, after considering all submissions and arguments:

1. At the hearing on this matter, the United States offered only cursory argument as to how the nature and circumstance of the offense support detention of the defendant pending the resolution of the remaining charges in this case, pursuant to 18 U.S.C. § 3142(g)(1). However, the nature and circumstances of all the offenses charged in this case include allegations that the defendant intended to enter United States, and did so, from Mexico at a place not designated as a lawful port of entry, without permission and, presumably, through a portion of the New Mexico National Defense Area (NMNDA), a newly designated military installation along the international border in southern New Mexico. Doc. 6. The defendant is a citizen of Uzbekistan, and his unlawful entry into the United States is a crime to which he has already pled guilty and been sentenced. Doc. 8. That charge has been severed

from the remaining charges, judgment entered, and is concluded. Doc. 18; Doc. 19. While the defendant's unlawful entry evidences his intention to enter and remain in the United States in contravention of the law, there is nothing inherent in that charge, nor the defendant's guilty plea thereto, that evidences any knowledge that the location at which he entered the United States was also a National Defense Area, or of any military or defense-related character whatsoever, nor that he entered through that specific area for any particular purpose related to its defense-related character. In fact, the government conceded at the hearing on release that it cannot prove the defendant had any notice or knowledge that he was entering a National Defense Area. Doc. 17 at 14, 36. The defendant was released pending trial and not held in ICE custody, but rather moved to New York and released into the community. Doc 34. In the situation where the government's case is strong and conviction likely, a defendant would have little incentive to return to court to face these pending charges. However, that is not *this* case. Here, the government concedes it cannot convict the defendant under the elemental requirements that every judge in the District of New Mexico Las Cruces courthouse, in both magistrate court and district court, has concluded must be met to convict. While returning for trial will put the defendant within reach of immigration officials and likely facilitate his removal from the United States, he is already released and pending removal, and an *acquittal* of these military charges may very well have a positive impact on the defendant's future ability to secure lawful status in the United States. Therefore, the defendant has a significant incentive, in this case, to come back to trial, knowing the government agrees it cannot prove its remaining case

3

against him. These facts support release of the defendant pending the resolution of the charges in this case, pursuant to 18 U.S.C. § 3142(g)(1).

2. The weight of the evidence against the defendant in the remaining charges is fatally flawed. For all of the reasons stated on the record at the hearing on this matter, I find wholly unpersuasive the government's argument that the willfulness requirement of 50 U.S.C. § 797 can be sufficiently shown by Defendant's simultaneous illegal entry into the United States in violation of 8 U.S.C. § 1325, and that his entry into the NMNDA while unlawfully entering the United States violates the plain text of 18 U.S.C. § 1382 with no further proof of knowledge. While the government has not said it outright, their legal theory is tantamount to asserting these are strict liability crimes. I fundamentally disagree. The government concedes that it cannot convict if the Court's version of the elements is correct. Therefore, pursuant to 18 U.S.C. § 3142(g)(2), the lack of any weight to the United States' evidence in this case weighs in favor of release.

3. Turning to the defendant's history and characteristics, the United States offered no information as to the history and characteristics of the defendant pursuant to 18 U.S.C. § 3142(g)(3). However, considering the submissions and arguments presented, he is a citizen of Uzbekistan, with no identified criminal history prior to his apprehension in this case. Doc. 14 at 5; Doc. 17 at 37. While there is no information about the defendant's ties to any community within the country, following the June 18, 2025 hearing on this matter, the defendant was taken into custody by immigration officials and has since been released to the community pending removal from the United States. Doc. 34. This evidences ties to this

   country and belief by the government writ large that the defendant will honor his duty to keep officials apprised of his whereabouts and contact information in order to submit to future proceedings, and potentially be removed from the United States at some future designated time. Therefore, I find nothing at this time pursuant to 18 U.S.C. § 3142(g)(3) that would warrant the defendant's detention pending the resolution of this case, and these facts therefore weigh in favor of release.

4.  There is no information that the defendant presents a danger to any other person or the community, pursuant to 18 U.S.C. § 3142(g)(4).

5.  Finally, I note that while the government stands, at this point, as the lone voice espousing their version of the elements, they may be correct, regardless of my disagreement. Thus, without a ruling otherwise on the elements from the Tenth Circuit, I do not find that they pursued their theory of the law in bad faith. However, a lack of bad faith pursuing an unpopular legal theory does not weigh in favor of the defendant's detention. As opposed to recognizing that they have a difficult prosecution and may lose but should pursue the charges nonetheless, when the government concedes that they *cannot* prove their case, they ordinarily dismiss the charges on their own to assure that justice is done, even in the face of losing their case. Justice and winning do not always go hand-in-hand. That has not been the posture of this case. Ordinarily, and absent some other compelling reason, I will not detain a defendant when all parties agree, as the government does by their concession, that the outcome in the case is likely an acquittal. This is not to say that the weight of the evidence is determinative in my findings, but rather in the face of the government's concession of near certain defeat, justice demands that

Mr. Toirov not be further deprived of his liberty. The circumstances and posture of this case are extraordinary and hopefully not to be repeated often.

THEREFORE, upon consideration of all the facts and arguments presented, pursuant to 18 U.S.C. § 3142(g), assuming the defendant's statutory interpretation of 18 U.S.C. § 1382 and 50 U.S.C. § 797(a)(1) prevails, based on the totality of factors described above, I FIND by a preponderance of the evidence the defendant does not present a risk of non-appearance, and

THEREFORE FIND that the defendant can remain released on his own recognizance pending resolution of this matter.

IT IS SO ORDERED.

_____
SARAH M. DAVENPORT,
UNITED STATES DISTRICT JUDGE