UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>KOMILJON TOIROV, )<br>)<br>Defendant. ) | CRIMINAL NO. 25-1801 SMD |

## ORDER GRANTING UNOPPOSED MOTION TO RECONSIDER AND TO VACATE AND RESET JURY TRIAL

THIS MATTER is before the Court on the United States' Unopposed Motion to Vacate and Reset Jury Trial (Doc. 45) and the United States' Unopposed Motion for Reconsideration of Order Denying Unopposed Motion to Vacate and Reset Jury Trial (Doc. 50). After considering the analysis set forth in the motion to reconsider (Doc. 50), the Court now finds the Unopposed Motion to Vacate and Reset Jury Trial (Doc. 45) to be well-taken and will therefore grant it.

The Court notes that on September 5, 2025, the United States filed a Notice of Appeal (Doc. 44) of the court's Amended Order of Release, subsequently docketed as Tenth Circuit Court of Appeals case 25-2109. On October 7, 2025, after this court initially denied the motion to vacate the October 20, 2025 trial setting, the government filed its brief in the new appeal. Tenth Circuit 25-2109, Doc. 7. The court has reviewed that brief, as well as the government's present motion. For the reasons set forth in the motion, the court finds that this appeal tolls the Speedy Trial deadline pursuant to 18 U.S.C. § 3161(h)(1)(C). If, however, this appeal does not toll the Speedy Trial deadline pursuant to 18 U.S.C. § 3161(h)(1)(C), the court notes also that the Tenth Circuit has exercised its jurisdiction to hear the United States' newest appeal which is focused solely on the statutory interpretation of the two remaining charges, and its agreement that "that appeal may

well result in the critical clarification of the law that the parties and the Court have been seeking." Doc. 50.  This case, and its procedural posture, is unusual to say the least and if the court has not misapprehended the law regarding detention appeals, as the government suggests, it is nonetheless true that a decision from the Tenth Circuit may have a dispositive effect on the pending charges, or may result in a more efficient resolution of the case by trial or other means. Therefore, the court finds in the alternative that the interests in justice served by granting this continuance "outweigh the best interest of the defendant and the public in a speedy trial.  18 U.S.C. § 3161(h)(7)(A).

**IT IS THEREFORE ORDERED** that the United States' the United States' Unopposed Motion to Vacate and Reset Jury Trial, Doc. 45, and the United States' Unopposed Motion for Reconsideration of Order Denying Unopposed Motion to Vacate and Reset Jury Trial, Doc. 50, are **GRANTED**.

**IT IS FURTHER ORDERED** that the October 20, 2025, jury trial (Doc. 42); the October 14, 2025, pretrial conference (Doc. 41); and the scheduling order deadlines (Doc. 40) are **VACATED**.  The jury trial, pretrial conference, and scheduling order deadlines will be reset after the Tenth Circuit decides the pending interlocutory appeal.

_____
UNITED STATES DISTRICT JUDGE