FILED
United States Court of Appeals
Tenth Circuit

December 5, 2025

Christopher M. Wolpert
Clerk of Court

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellant,

v.

KOMILJON TOIROV,

    Defendant - Appellee,

No. 25-2109
(D.C. No. 2:25-CR-01801-SMD-1)
(D. N.M.)

---

### ORDER AND JUDGMENT[*]

---

Before **HOLMES**, Chief Judge, **BACHARACH**, and **CARSON**, Circuit Judges.

---

Komiljon Toirov is charged with trespass onto a restricted military area in violation of 18 U.S.C. § 1382 and 50 U.S.C. § 797. The district court ordered Mr. Toirov's release pending trial, and the government appeals. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3145(c), we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

On April 15, 2025, the Department of the Interior transferred a narrow, 180-mile strip of land to the Department of Defense, and the Army in turn designated the land as a restricted military area per Army regulations.

On May 4, 2025, Border Patrol agents discovered Mr. Toirov hiding in the brush in the restricted area on the border between New Mexico and Mexico. Mr. Toirov admitted he is from Uzbekistan and had just crossed the border without permission.

The government took Mr. Toirov into criminal custody and submitted a criminal complaint in the United States District Court for the District of New Mexico. The complaint charged him with illegal entry, *see* 8 U.S.C. § 1325(a)(1), and trespassing under 50 U.S.C. § 797 and 18 U.S.C. § 1382. After a probable cause hearing, a magistrate judge dismissed the trespass charges, concluding the statutes require the government to prove Mr. Toirov knew he was entering a restricted military area. And because the complaint did not contain sufficient information about whether Mr. Toirov knew he had done so, the magistrate judge concluded there were not enough facts to support probable cause for either charge.

The government then filed an information against Mr. Toirov alleging the same three charges. He pleaded guilty to illegal entry and the district court sentenced him to time served. Mr. Toirov moved for pretrial release on the remaining charges and the magistrate judge granted that motion based on its earlier analysis that those charges require a *mens rea* the government cannot prove.

The government appealed the magistrate judge's release order to the district court, arguing the trespassing statutes do not require proof that Mr. Toirov knew he was entering a restricted military area. The district court disagreed and affirmed the magistrate judge's release order.

The government then appealed. On July 29, 2025, we issued a limited remand order directing the district court to enter an alternative order under the assumption that the government's interpretation of the trespassing statutes is correct. The district court complied and issued an alternative order finding that if the government's position were correct, then the court would order Mr. Toirov's detention. The district court also noted Mr. Toirov had been transported by Immigration and Customs Enforcement to New York and released pending travel arrangements to Uzbekistan.

After the district court issued its alternative findings, we vacated the court's original release order, concluding the district court erred in treating the statutory interpretation question as dispositive. *United States v. Toirov*, No. 25-2074, 2025 WL 2406099, at 1 (10th Cir. Aug. 20, 2025). On remand, the district court issued an amended order of release and again ordered that Mr. Toirov remain free on his own recognizance pending trial. The government again has appealed.

We review the district court's ultimate release decision de novo because it presents mixed questions of law and fact; however, we review the underlying findings of fact for clear error. *See United States v. Cisneros*, 328 F.3d 610, 613 (10th Cir. 2003). We examine four factors in determining whether there are conditions of release that will reasonably assure the defendant's appearance and the

safety of the community: "(1) the nature and circumstances of the offense charged . . . ; (2) the weight of the evidence against the person; (3) the history and characteristics of the person . . . ; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g). The government does not contend that Mr. Toirov poses any danger. "The government must prove risk of flight by a preponderance of the evidence." *Cisneros*, 328 F.3d at 616.

As discussed above, the district court held the trespass statutes require proof that Mr. Toirov knew he was entering onto a restricted military area. Because there was no evidence of that, the district court concluded the weight-of-the-evidence factor favors Mr. Toirov's release. The government contends that the district court erred because its assessment of the weight-of-the-evidence factor rests on a statutory interpretation error. The government emphasizes that it seeks reversal on no other ground.

We need not resolve the question presented by the government's appeal because the government has produced little to no evidence in support of the other relevant factors. Accordingly, the government has failed to carry its burden of showing Mr. Toirov is a flight risk. We therefore affirm the district court's release order. We grant the government's motion for leave to file a reply brief.

Entered for the Court

Per Curiam